Ira M. Schwartz, (SBN 010448)
Byron Forrester, (SBN 033877)
**Parker Schwartz, PLLC**
7310 N. 16th Street, Suite 330
Phoenix, Arizona 85020
*Telephone*: (602) 282-0477
*Facsimile*: (602) 282-0478
ischwartz@psazlaw.com
bforrester@psazlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Credit Interchange of America, Inc., dba The Forms Group, a Pennsylvania Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Bojan Josifoski and Biljana Pesevska Josifoska, husband and wife; and Kodever Dooel, a North Macedonian Corporation,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**(Declaratory Judgment Re No Copyright Infringement; Breach of Contract)** |

Plaintiff, Credit Interchange of America, Inc., dba The Forms Group (TFG), for its complaint against Bojan Josifoski, Jane Doe Josifoski, and Kodever Dooel complains and alleges as set forth below.

1.  Plaintiff, Credit Interchange of America dba The Forms Group ("TFG"), is a Pennsylvania corporation with its principal place of business in Scottsdale, Arizona.

2. Defendant Bojan Josifoski ("Josifoski") is an individual residing in Tetovo, North Macedonia.

3. Upon information and belief, Biljana Pesevska Josifoska is the spouse of Bojan Josifoski and she also resides in Tetovo, North Macedonia. Upon information and belief, all actions taken by Josifoski as described herein were undertaken for the benefit of his marital community.

4. Upon information and belief, Kodever Dooel ("Kodever") is a North Macedonian company with its principal place of business in Tetovo, North Macedonia. Upon information and belief, Kodever is owned and controlled by Josifoski.

5. Upon information and belief, Kodever is the alter ego of Josifoski.

6. This matter involves claims for copyright infringement related to computer code created by Josifoski pursuant to a contract or a series of contracts with TFG.

7. Those contracts were entered into and performed in Arizona and are governed by Arizona and U.S. law.

8. This Court has jurisdiction over copyright clams pursuant to 28 U.S.C. §1338.

9. This matter involves a claim for declaratory judgment pursuant to 28 U.S.C. §2201.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391, 1400.

11. Jurisdiction and venue over the related claims are proper in this Court pursuant to 28 U.S.C. §1367.

**Background Facts**

12. TFG is a leader in providing website design and hosting services, including services directed to creating and servicing websites for financial institutions in the United States, including banks and credit unions. TFG has been providing these services since at least as early as 1998.

13. TFG provides these online services under its federally registered trademark BankSITE®. In addition, some of the tools TFG has created to service banks in this field are its BankSITE Builder and BankSITE Builder Pro also known as BBPro.

14. The BankSITE Builder series was based on some of its earlier developed tools, including one tool known as BankSITE Visual Builder.

15. All rights in the BankSITE Visual Builder were owned and developed by TFG prior to TFG working with Josifoski or Kodever.

16. On or about April 1, 2019, TFG entered into an Independent Contractor Agreement with Kodever (the "2019 IC Agreement"), with an effective date of January 16, 2016, signed by Josifoski as an officer of Kodever. Pursuant to the terms of this contract, Kodever agreed to provide "website development and programming services." A copy of the 2019 IC Agreement is attached as Exhibit A.

17. Pursuant to that contract, Josifoski, through Kodever, provided website development services to TFG. Those services include creating, providing, and developing tools used on the WordPress Platform, including the further development of WordPress

3

Themes previously developed by TFG, and further including developing tools to allow TFG customers to facilitate the creation of WordPress based websites serviced and hosted by TFG on its servers. The software and code developed by Kodever were provided to TFG's customers under TFG's trademarks including its BankSITE trademark, and the tools were provided under the trademarks BankSITE Builder and BankSITE Builder Pro.

18. The work performed by Josifoski and Kodever included the creation of apps and software code used regularly by TFG and its customers.

19. TFG regularly paid Kodever for its services.

20. The 2019 IC Agreement further included a provision requiring Kodever to maintain the confidentiality of the "Information" (as defined in the agreement) and to prevent the Information from being improperly disclosed. The 2019 IC Agreement further provided that "Contractor further agrees that it will not an any time or in any manner, either directly or indirectly, use any Information for Contractor's own benefit." The protected Information was defined to include "products, … process information, trade secrets, technical information, customer lists … copyrights and other proprietary information."

21. On September 16, 2023, TFG entered into a second Independent Contractor Agreement (the "2023 IC Agreement"). This agreement was made with Bojan Josifoski and had terms that were virtually identical with the 2019 IC Agreement. Similar to the 2019 IC Agreement, this agreement provided that the Contractor, this time Josifoski, would provide website development services. This agreement also contained a confidentiality provision

4

with identical terms as confidentiality provision in the 2019 IC Agreement. A copy of the 2023 IC Agreement is attached as Exhibit B.

22. Josifoski performed website and development services under the 2023 IC Agreement. Those services included further development of software code and apps, including those provided by TFG under its trademarks BankSITE, BankSITE Builder, BankSITE Builder Pro, and the shorthand mark BBPro.

23. Josifoski and Kodever were aware of the services and tools provided by TFG to its customers.

24. BankSITE Builder Pro aka BBPro, was based on design components and code included in BankSITE Visual Builder. Neither Josifoski or Kodever contributed to BankSITE Visual Builder.

25. Although the 2019 IC Agreement and the 2023 IC Agreement did not contain any express language regarding the ownership or licensing of any code created by Josifoski, the parties had an agreement that TFG had a perpetual royalty-free non-cancellable license to use it and to allow its customers to use that code.

26. At no time prior to June 2025, did Josifoski or Kodever ever inform TFG that it did not have a perpetual license to use any code he created or contributed to.

27. TFG paid Josifoski for his services. From September 2023 through April 2025, he was paid at the rate of US$85 per hour, with a minimum of US $5000 per month.

28. In May 2025, TFG's owner told Josifoski that he was considering selling his business. In a conversation at that time TFG's owner indicated to Josifoski that he would consider paying Josifoski a bonus upon the sale of the business.

29. Shortly after that Josifoski demanded an increase in his monthly compensation. TFG agreed to increase his monthly fee to US $14,000 per month, which it paid to him for the month of May.

30. Josifoski then informed TFG that since he was an independent contractor, TFG did not own the copyright in the code he created for TFG.

31. In an email dated June 6, 2025, (the "June 6 Email") related to the discussions between the parties, Josifoski set forth his position that as an independent contractor he owned the copyright in the code he created. He then stated, "That means I retain copyright to BBPro, while you have a **nonexclusive license** to continue using the deployed version as intended. This is fairly common and accepted structure in freelance software development." (emphasis in the original). A copy of the June 6, 2025, email is attached as Exhibit C.

32. Such acknowledgement was consistent with the past practice between the parties where it was acknowledged that TFG had a perpetual license to use all the code Josifoski created, as a derivative work, and to allow its customers to use such code.

33. After the exchange of multiple emails related to this subject, TFG presented Josifoski with a proposed Amendment to the Independent Contractor Agreement which provided that Josifoski would transfer the copyright in the code he created to TFG and TFG

6

would pay Josifoski a bonus on the sale of the business. The amendment further proposed to make a portion of that payment to Josifoski upon full signing of the Amendment.

34. While the proposed amendment was being considered, TFG sent a request to Josifoski to do some programming work under the existing 2023 IC Agreement. In an email dated June 17, 2025, Josifoski refused to do the work, stating he would not do any work until a new amendment he found acceptable was fully signed. In other words, he was holding his work under the 2023 IC Agreement hostage to get a better deal on the proposed amendment. A copy of the June 17, 2025 email is attached as Exhibit D.

### Count 1

### (Declaratory Judgment Re No Copyright Infringement)

35. TFG realleges its allegations as set forth in paragraphs 1 - 34 above and incorporates them herein by this reference.

36. On July 8, 2025, Ana Tosic Chubrinovski, a lawyer in North Macedonia, acting as an attorney in fact on behalf of Bojan Josifoski (pursuant to a Power of Attorney), sent a cease and desist letter to TFG (the "Josifoski July 8 Letter") claiming that it was infringing copyrights and proprietary rights in BBPro software and further claiming that TFG held no license to use such software or code. A copy of this letter is attached as Exhibit E.

37. As stated above, TFG has a license to use the BBPro software and all code developed by Josifoski or Kodever.

38. This license was confirmed in writing by June 6 Email sent by Josifoski to TFG stating explicitly that TFG maintained a nonexclusive license to such software and code.

39. This license is further confirmed by the course of conduct of the parties related to the performance of the 2019 IC Agreement and the 2023 IC Agreement by the parties.

40. This license is further demonstrated by the implied license terms contained in the 2019 IC Agreement and 2023 IC Agreement and the parties course of conduct.

41. Such license includes the right to operate and maintain commercial websites for financial institutions as has been done for many years in the past, and as was known by Josifoski and Kodever since their relationship with TFG began.

42. The license includes the right to assign version numbers to any version of the software they choose in any manner they choose.

43. The license includes the right to update, modify and prepare derivative works of the software in any manner they choose, as has been done consistent with past practice.

44. The Josifoski July 8 Letter creates an actual controversy as to rights of TFG with regard to the software and code developed by Josifoski and Kodever pursuant to the Independent Contractor Agreements.

45. In addition, the Josifoski July 8 Letter threatens, among other things, to (1) issue DMCA takedown notices which will "disable infringing deployments, which means it will take down TFG customer websites causing irreparable injury to TFG and its customers: and (2) notify affected client institutions, which necessarily involves the use of TFG's

customer list, which is proprietary and confidential information of TFG which Josifoski would be using for his personal benefit, in violation of the 2023 IC Agreement.

46. TFG is entitled to a declaratory judgment from this Court declaring and clarifying the rights they have in such code, including a declaration that TFG has not infringed upon any copyright owned by Josifoski or Kodever and that TFG has a perpetual, non-cancelable royalty-free license to continue to use and further develop the software and code created by Josifoski or Kodever or contributed to by either of them, including the rights to license others to use such code and software and the right to create derivative works of such software.

47. This is a copyright matter. TFG is entitled to recovery its court costs and attorneys' fees incurred in this matter. 17 U.S.C. §505.

**Count 2**

**(Breach of Contract)**

48. TFG realleges its allegations as set forth in paragraphs 1 - 47 above and incorporates them herein by this reference

49. Josifoski, through Kodever, entered into the 2019 IC Agreement with TFG. That agreement provided that Josifoski, through Kodever, would provide web development and programming services to TFG. That agreement further provided that Josifoski and Kodever would protect the confidentiality of the confidential information provided by TFG to Josifoski and Kodever, and that they would only use such confidential information for the benefit of TFG.

50. Josifoski then personally entered into the 2023 IC Agreement with TFG. That agreement provides that Josifoski will provide web development and programming services to TFG. That agreement further provides that Josifoski and Kodever will protect the confidentiality of the confidential information provided by TFG to Josifoski, and that he will only use such confidential information for the benefit of TFG.

51. The 2019 IC Agreement and the 2023 IC Agreement also contained certain implied terms that were not specifically stated in those agreements. Among those terms were: (i) that TFG would pay Kodever, and then Josifoski for the services they provided; (ii) that the work product produced by Kodever and then Josifoski, would be produced based on the WordPress platform and the WordPress Themes previously developed by TFG; (iii) that TFG would provide access to the WordPress Themes, software code, and other technical information previously developed by TFG, and that Kodever and Josifoski would perform their services, including website and code development, based on those WordPress Themes, software code, and other technical information previously developed by TFG; and (iv) TFG would have a perpetual non-cancellable license to use all the information, materials and codes developed by Kodever and Josifoski, and that license would also extend to TFG's customers; among other things.

52. TFG performed its obligations under the 2019 IC Agreement and the 2023 IC Agreement, including paying Kodever, and then Josifoski for their services.

53. On June 17, 2025, while the parties were attempting to negotiate terms for a potential amendment to their agreement, TFG sent a message to Josifoski requesting that he provide certain services to TFG needed by one of its customers.

54. In response to request, Josifosksi refused to perform the requested services stating that he was "pausing" any further activity until the deal under negotiation was finalized. See Exhibit D.

55. This refusal to perform the requested services was a breach of the contract and a repudiation of the contract.

56. Upon information and belief, Josifoski has used the technical information provided to him by TFG for his own use and benefit in violation of the confidentiality provisions of the 2023 IC Agreement.

57. In addition, the Josifoski July 8 Letter threatens, among other things, to (1) issue DMCA takedown notices which will "disable infringing deployments, which means it will take down TFG customer websites causing irreparable injury to TFG and its customers: and (2) notify affected client institutions, which necessarily involves the use of TFG's customer list, which is proprietary and confidential information of TFG. Those actions by Josifoski involve Josifoski using TFG's confidential information for his personal benefit, in violation of the 2023 IC Agreement.

58. Josifoski's and Kodever's actions in preventing, restricting or attempting to prevent or restrict TFG or its customers, agents or representatives from copying, using, or creating any derivative works of the products created, provided to or delivered by Josifoski

11

or Kodever to TFG in any manner is a breach of the implied perpetual non-exclusive license to use such code as provided by the 2019 IC Agreement and 2023 IC Agreement and the related implied license terms granted to TFG. Those implied terms are further confirmed in writing by Josifoski's June 6, 2025 email to TFG.

59.   The actions of Josifoski and Kodever in breach of the contracts between the parties have caused harm and damages to TFG in the amount to be proven at trial.

60.   The use of the TFG technical information and the use or threatened use of the TFG customer list for Josifoski's personal benefit is a breach of the express provisions of the 2023 IC Agreement, has caused, and will continue cause immediate and irreparable injury to TFG.

61.   TFG is entitled to preliminary and permanent injunctive relief prohibiting and restraining Josifoski, Kodever, their respective employees, agents, representatives and all persons in active concert with them from any use or disclosure of any TFG confidential information, including without limitation restraining them from contacting or making any contact with any customer or known prospective customer of TFG; or form contacting any third party to interfere with TFG's contractual relationship with its customers; or from making any false or misleading statements regarding the existence of such license.

62.   This matter arises out of a contract. TFG is entitled to recover its court costs and attorneys' fees incurred in this matter. A.R.S. §§12-341 and 21-341.01.

Wherefore, TFG requests relief as follows:

A.  The Court issue a Declaratory Judgment declaring that:

  1. TFG has not infringed upon any copyright Kodever or Josifoski has or may have in any content or materials, including software code or any app code developed by or delivered to TFG by Kodever or Josifoski pursuant to the terms of the 2019 IC Agreement or the 2023 IC Agreement (the "Deliverables"), including without limitation all materials comprising any code or product known as BankSITE Builder, BankSITE Builder Pro or BBPro.

  2. TFG has a perpetual non-exclusive non-cancellable license to copy, reproduce, use and prepare derivative works based upon the Deliverable, including without limitation all materials comprising any code or product known as BankSITE Builder, BankSITE Builder Pro or BBPro.

  3. That all Deliverables are derivative works of BankSITE Visual Builder or other preexisting code developed by TFG.

  4. Josifoski breached the 2023 IC Agreement by refusing to perform services under that agreement when requested to do so by TFG, and that such breach relieved TFG or any further obligations under the 2023 IC Agreement as of the breach by Josifoski.

B.      The Court issue a preliminary and permanent injunction prohibiting and restraining Josifoski, Kodever, their respective employees, agents, representatives and all persons in active concert with them from:

1. Using or disclosing of any TFG confidential information, contacting or making any contact with any customer or known prospective customer of TFG

2. From making any false or misleading statements regarding TFG's license to copy, reproduce, use, or prepare derivative works based upon the Deliverables, or

3. from making any statements regarding TFG that are inconsistent with the Declaratory Judgment issued by the Court in this case regarding any copyright in the Deliverables, including without limitation all materials comprising any code or product known as BankSITE Builder, BankSITE Builder Pro or BBPro.

C.      The Court award TFG damages to TFG for Josifoski's and Kodever's breach of contract in the amount to be proven at trial.

D.      The Court award TFG is court costs and reasonable attorneys' fees pursuant to 17 U.S.C. §505, and A.R.S. §§12-231 and 12-341.01.

E.      The Court award TFG such further relief as the Court deems just and proper.

DATED: July 9, 2025.

                              **Parker Schwartz, PLLC**

                              By  *s/Ira M. Schwartz*
                                    Ira M. Schwartz
                                    Byron Forrester
                                    7310 North 16th Street
                                    Suite 330
                                    Phoenix, Arizona 85020
                                    *Attorneys for Plaintiff*

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020